UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BRITTANY L. RADOVICH,<br><br>Plaintiff,<br><br>v.<br><br>PLACER COUNTY SHERIFF'S OFFICE and DOES 1 through 50, INCLUSIVE,<br><br>Defendants. | No. 2:19-cv-00840 WBS CKD<br><br>ORDER RE: DEFENDANT'S MOTION TO DISMISS |

----oo0oo----

Plaintiff Brittany Radovich initiated this action asserting claims arising out of her employment with defendant Placer County Sheriff's Office. Specifically, plaintiff alleges gender discrimination and retaliation in violation of Title VII as well as discrimination in violation of the Americans with Disabilities Act. (Compl. (Docket No. 1).) Presently before the court is defendant's Motion to Dismiss. (Docket No. 6.)

I.   Factual and Procedural Background

Between 2008 and June 2014, plaintiff worked for the

1

Placer County Sheriff's Office as a public safety dispatcher. (Compl. ¶¶ 12, 21.) In 2011 plaintiff began a consensual relationship with Sergeant Patrick Piazza, who was also employed by defendant. (Id. ¶ 22.) Two years later, plaintiff ended the relationship. (Id.) Thereafter, plaintiff alleges, Sergeant Piazza became abusive, made inappropriate comments, touched her in offensive ways, and began stalking her. (Id. ¶¶ 23-24.)

Plaintiff reported Piazza's conduct to her superiors. (Id. ¶ 24) Following that report, she did not receive her performance evaluation, which was usually done in August. (Id. ¶ 25.) When she inquired about her performance review, she was told "there have been some performance issues . . . and it was decided to hold it." (Id.) Plaintiff alleges that the withholding of her performance review was retaliation for her complaint regarding Piazza's conduct. (Id.)

As a result of Piazza's conduct and the retaliation she experienced when she reported that conduct, plaintiff experienced severe emotional distress, anxiety, and bouts of suicidal ideation. (Id. at ¶ 26.) Plaintiff sought medical leave from work and checked herself into an outpatient mental health clinic. (Id.) Plaintiff alleges that when she returned to work, her coworkers and managers made disparaging remarks, calling plaintiff, for example, a "nut case" and "crazy." (Id. at ¶ 27.) When plaintiff discussed these comments with defendant's management, her assignments were transferred, she was given more overtime than any other employee in the department, and, she alleges, her "workload was sabotaged." (Id.) Plaintiff alleges that by June of 2015, her work environment deteriorated to the

2

point where she was constructively discharged. (Id. ¶ 29.)

Plaintiff alleges that though she was constructively discharged in June 2015, it was only in 2018, after several years of therapy, that she realized "the gravity and wrongfulness of acts by Piazza and [defendant]." (Id. ¶ 30.) Plaintiff subsequently made an EEOC Title VII complaint and received her Right-to-Sue letter on April 18, 2019. (Id. ¶ 19.) Plaintiff claims that "the effects of sexual and disability/perceived disability harassment made it impossible for [p]laintiff to file a claim on time" and that, therefore, "the statute of limitations is not a bar to [p]lainiff's claims[.]" (Id. ¶ 18.)

In its Motion to Dismiss, defendant contends that plaintiff's claims are untimely. Specifically, it argues that plaintiff has pled neither compliance with the applicable statutory deadlines nor facts sufficient to warrant equitable tolling of the statutory period. (Mot. to Dismiss at 2-3.)

II. Legal Standard

On a motion under Federal Rule of Civil Procedure Rule 12(b)(6), the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"To maintain an action under Title VII . . . a plaintiff must file a timely charge of discrimination with the EEOC." Nuss v. Pan Am. World Airways, Inc., 634 F.2d 1234, 1236 (9th Cir. 1980). When proceedings are initiated with state or local agencies, Title VII charges must be filed "within three

hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier." 42 U.S.C. § 2000e-5(e)(1). This requirement, however, "is subject to waiver, estoppel, and equitable tolling." Johnson v. Lucent Techs., Inc., 653 F.3d 1000, 1008 (9th Cir. 2011). "Mental incompetence may equitably toll administrative deadlines if a plaintiff meets a two-part test." Id. at 1010. First, the plaintiff must show that her mental impairment was an "extraordinary circumstance beyond [her] control that was so severe that" either: (1) "plaintiff was unable rationally or factually to personally understand the need to timely file;" or (2) "plaintiff's mental state rendered [her] unable personally to prepare [a complaint] and effectuate its filing." Id. (quoting Bills v. Clark, 628 F.3d 1092, 1099-100 (9th Cir. 2010)). Second, "the plaintiff "must show diligence in pursuing the claims to the extent [she] could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances." Id. In general, equitable tolling is available only in "extreme cases" and "has been applied sparingly." Scholar v. Pac. Bell, 963 F.2d 264, 267 (9th Cir. 1992).

III.    Analysis

Plaintiff has not plausibly alleged that her mental impairment was so severe that she was unable to understand the need to file charges, or that she was "unable . . . to understand the need to timely file." See Forbess v. Franke, 749 F.3d 837, 840 (9th Cir. 2014).

4

A.   Mental Impairment

Plaintiff alleges that Piazza's "lewd and lascivious sexual acts . . . caus[ed] her psychiatric hospital commitment," which, in turn, prevented her from timely filing an EEOC charge. (Compl. ¶ 54.)  However, plaintiff does not explain how her time in the mental outpatient clinic, which took place before her termination in June 2015, prevented her from filing an EEOC charge in the period following June 2015.

In Johnson, the court held that the plaintiff's active participation in litigation mitigated against the equitable tolling of the statutory period because it evidenced plaintiff's capacity to advocate for his interests.  653 F.3d at 1010.  In the instant case, plaintiff reported the alleged Title VII violations to her supervisors on at least two occasions.  These reports evidence plaintiff's capacity to "advance and protect [her] legal interests," and as such, militate against finding that plaintiff was so mentally incapacitated that she could not "rationally or factually . . . understand the need to timely file."  Id.

Plaintiff's opposition to defendant's Motion to Dismiss relies heavily on Stoll v. Runyon, 165 F.3d 1238 (9th Cir. 1999). (See Pl.'s Opp. to Mot. to Dismiss at 5-6.)  That case, however, is inapposite.  In Stoll, the Ninth Circuit found that the plaintiff was entitled to equitable tolling where she "presented overwhelming evidence that she was completely psychiatrically disabled."  165 F.3d at 1242.  The plaintiff in Stoll had been repeatedly raped and subject to various forms of sexual harassment and violence at work.  Id. at 1239-40.  As a result,

she could not open mail without experiencing a panic attack, could not concentrate well enough to read and repeatedly attempted suicide. Id. at 1240. Her psychiatrist testified that she would "bring large stacks of unopened correspondence regarding the Post Office litigation to [him] because she was too traumatized to open it alone" and that she was "so anxious around men that she refused to sit in his office during psychiatric treatment, and instead stood in the corner as far from him as possible." Id. The detailed allegations of total mental incapacitation in Stoll stand in stark contrast to plaintiff's generic allegations of "severe emotional distress and mental anguish." (See Compl. ¶ 52.)

Plaintiff's allegation that the "effects of sexual and disability/perceived disability harassment made it impossible for [her] to file a claim within the statutory period," (Compl. at ¶ 33,) is made without any factual support or enhancement. As such, it is a conclusory restatement of the elements of equitable tolling, and not a plausible allegation that could support the denial of defendant's Motion to Dismiss. See Ashcroft, 556 U.S. at 678.

B. Diligence

The second prong of the equitable tolling test asks whether the plaintiff was diligent in attempting to file charges and would have done so but for her mental incompetence. Johnson, 653 F.3d at 1010. In this case, the plaintiff stopped working at the Sheriff's department in 2015, but did not file charges with the EEOC until several years later. The plaintiff presents no evidence that she exercised any diligence whatsoever during the

period when EEOC charges could have been filed with respect to any of the conduct alleged in the complaint.  Accordingly, plaintiff is not entitled to equitable tolling.  See Cordray v. Cohn Rest. Grp., Inc., No. 3:17-CV-02375-GPC-NLS, 2018 WL 1382981, at *5 (S.D. Cal. Mar. 19, 2018) (denying equitable tolling to a plaintiff who "failed to show that he was diligent during the limitations period[.]").

    IT IS THEREFORE ORDERED that defendant's Motion to Dismiss (Docket No. 6) be, and hereby is, GRANTED.  Plaintiff's complaint is DISMISSED without prejudice.  Plaintiff is given thirty days from the date of this Order to file an amended complaint, if she can do so consistent with this Order.

Dated:  July 30, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE